# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUCK DIVE LP,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAELINE HEYDARI, et al.,<br><br>　　　　　Defendants. | Civil No.   13-cv-1477-BTM (BLM)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO CHANGE VENUE & TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA** |

   Duck Dive LP ("Duck Dive" or "Plaintiff"), a California limited partnership located in San Diego, has filed a civil action against Defendants, who own and operate a restaurant called the Duck Dive Gastropub in Malibu, CA.  Pending before the Court is Defendants' Motion for Change of Venue pursuant to 28 U.S.C. §§ 115(b), 1404(a).  Having reviewed the papers and the entire record of this case, the Court grants the motion and transfers the case for the reasons set forth herein.

## I. BACKGROUND[1]

   This is a trademark infringement case.  Plaintiff owns a "widely-recognized Gastropub/bar/restaurant ("pub") in San Diego under the name 'DUCK DIVE.'" (Compl. ¶¶ 5, 15.)  Plaintiff uses an "oval-shaped logo with a woman poised above a

---

[1] This description is based on the allegations of the Complaint (ECF No. 1).

surfboard in the motion of a 'duck dive,' or the motion surfers perform to ensure they can successfully dive under a breaking wave while paddling out to reach more desirable waves." (Compl. ¶15.) Plaintiff has trademark registrations for its design logo and the "Duck Dive" name. (Compl. ¶19, Ex. 1) Plaintiff also sells t-shirts and hats with its trademarked logo. (Compl. ¶15) Plaintiff's pub opened its doors in March 2012. (Compl. ¶18) Plaintiff alleges that, in May 2013, the defendants began operating the Duck Dive Gastropub in Malibu, CA. (Compl. ¶22) Defendants have no other locations. (Reply 3; Decl. of Michaeline Heydari ¶¶3-4) Defendants have sought to register "Duck Dive Gastropub" and "Duck Dive Gastropub Malibu," as standard character marks, and Plaintiff has filed an opposition. (Compl. ¶24.) In March 2013 a Los Angeles-based website published an online article describing the Malibu Gastropub as Plaintiff's "second location." (Compl. ¶26, Ex. 5.) Although there was "a later-printed disavowment of any affiliation between Defendants' and Plaintiff's gastropubs," Plaintiff alleges that many Malibu residents have called to ask about Plaintiff's new location. (Compl. ¶26.) Plaintiff complains that Defendant is using a "stylized version of its letter and logo, which evoke a substantially similar commercial impression to that of Plaintiff's logo and lettering." (Compl. ¶25)

## II. LEGAL STANDARDS

### A. Venue

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b); *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff asserts venue based solely on option (2), the "substantial part of the events" prong. (Compl ¶3.) "Substantiality" for venue purposes is determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum . . . ." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432-434 (2d Cir. 2005) (citations omitted). "When material acts or omissions within the forum bear a close nexus to the claims, they are properly deemed "significant" and, thus, substantial, but when a close nexus is lacking, so too is the substantiality necessary to support venue." *Id.* (citing *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366 (11th Cir. 2003). *See also Allstar Mktg. Group LLC v. Your Store Online LLC*, 666 F.Supp.2d 1109, 1128 (C.D. Cal. 2009) (citing *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F.Supp.2d 1282, 1286 n.3 (D.Ariz.2009). Plaintiff bears the burden of proving venue is proper with respect to each claim and each defendant challenging the choice of forum. *Golden Scorpio Corp.*, 596 F. Supp.2d at 1286. *See also Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

**B.     Transfer of Venue**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  In determining whether transfer is appropriate in a particular case, courts consider factors such as (1) the plaintiff's choice of forum, (2) the convenience of the witnesses and parties, (3) the ease of access to sources of proof, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the state that is most familiar with the governing law, and (8) the availability of compulsory process to compel attendance of unwilling non-party witnesses. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000); *Decker Coal Co.*, 805 F.2d at 843.  The burden of showing that transfer is appropriate rests on the moving party. *Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

### III.  DISCUSSION

The Supreme Court has explained that "in most instances, the purpose of statutorily defined venue is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183-84 (1979); *Cottman Transmission Sys. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994) (explaining that "the current statutory language still favors the defendant in a venue dispute by requiring that the events or omissions supporting a claim be 'substantial'" and "is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute"); *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995) (explaining that "by referring to 'events and omissions giving rise to the claim,' Congress meant to require courts to focus on relevant activities of the defendant, not of the plaintiff").  When a plaintiff relies on § 1391(b)(2) to defeat a venue challenge, the court should first identify the nature of the claims and the acts or omissions that the plaintiff alleges give rise to those claims. *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005).  Second, the court determines whether a substantial part of those acts or omissions occurred in the district where suit was filed, that is, whether "significant events or omissions material to [those] claims . . . have occurred in the district in question." *Id.* (emphasis removed); *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432-434 (2d Cir. 2005).  While economic harm is an element of a trademark claim, it alone is not a sufficient basis for conferring venue. *See Golden Scorpio Corp.*, 596 F. Supp.2d at 1282 n.4 (dismissing trademark infringement case for improper venue where defendant's Oregon-based restaurant advertised on Google Maps and there was no plausible allegation of resulting confusion in Arizona); *Allstar Mktg.*, 666 F.Supp.2d at 1128; *R. Griggs Group Ltd. v. Consol. Shoe, Inc.*, 1999 U.S. Dist. LEXIS 5426, *11 (N.D. Cal. Apr. 8, 1999) (citing *Vanity Fair Mills v. T. Eaton Co.*, 234 F.2d 633, 639 (2d Cir. 1956) ("[I]n cases involving trademark infringement and unfair competition, the wrong takes place not where the deceptive labels are affixed to the goods or where the goods are wrapped in the misleading packages, but where the passing off occurs, i.e., where the deceived customer buys the defendant's

product in the belief that he is buying the plaintiff's."); *Leroy–Garcia v. Brave Arts Licensing*, 2013 WL 4013869, *11-12 (N.D.Cal. 2013) (unpub.); *United Truck & Equip., Inc. v. Curry Supply Co.*, No. CV08-1046, 2008 U.S. Dist. LEXIS 110213, *38 (D. Ariz. Nov. 5, 2008) (citing Judicial Improvements Act of 1990, Pub. L. No. 101-650 (amending statute to remove the plaintiff's residence as basis for venue)).

The parties do not dispute that this action could have been brought in the Central District of California. Plaintiff chose this forum because its pub is located in San Diego (Compl. ¶5), and it has counsel here, so it is more convenient for Plaintiff to litigate here. (Opp'n 10-11.) But Plaintiff fails to show that *any* of the events or actions giving rise to the claims in this case occurred in the Southern District of California. Aside from the general accessibility of Defendants' website, there is no claim that Defendants did any advertising or marketing here, nor that they otherwise solicited business in San Diego or Imperial County. Nor is there any indication they had anything to do with the la.eater.com article. Defendants never made any deliveries here, nor did the Duck Dive Gastropub in Malibu otherwise avail itself of the local economic market. It is unclear whether there are any non-party witnesses, as Plaintiff's opposition brief mentions only its attorneys and staff. (Opp'n 11.) The author of the article referring to a second location is ostensibly in the Central District, as the website is described as a "Los Angeles online news outlet." Even the callers asking about the new location are alleged to be "Malibu residents." (Compl. ¶26.) Indeed, all of the events that give rise to the claims are alleged to have occurred in the Central District. Even assuming a diversion of business, this Court could not find venue under § 1391(b)(2) on these facts. *See Jamba Juice Co. v. Jamba Group, Inc.*, No. C-01-4846, 2002 WL 1034040, *2 (N.D.Cal. 2002) (finding allegation that defendant's website was accessible in the district containing plaintiff's place of business to be insufficient basis for venue in a trademark case, noting that to find venue would "be to adopt a rule that would subject any corporation with a website to venue in the district in which plaintiff does business . . . [a rule] that would dramatically alter the present venue statute"); *Friedman v. Revenue Mgmt.*, 38 F.3d 668, 672 (2d Cir. 1994); *Woodke*, 70 F.3d at 985-86; *Martino*, 36 F.3d at 295-6.

Venue is thus improper in this district, and the Court need not consider Defendants' argument under 18 U.S.C. § 1404(a).

### IV.  CONCLUSION

The Court is unable to find sufficient events or actions taken by Defendants that give rise to the dispute *sub judice* in this district.  Thus, there is no basis for venue under 28 U.S.C. § 1391(b).  The Court accordingly finds venue is proper in the Central District of California pursuant to 28 U.S.C. § 84(c), but not in the Southern District of California pursuant to 28 U.S.C. § 84(d).  *See Costlow*, 790 F.2d at 1488.  Because the Central District of California is a proper venue for this action in its entirety, the court transfers the case to that district.  *See* 28 U.S.C. §§ 115(b)(1), 1406(a).  *See also Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir.1990) ("Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'") (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962)); Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial § 4:577 (The Rutter Group 2013) ("Normally, if there is another district or division in which the action could have been brought, transfer is preferred to the harsh remedy of dismissal. Transfer avoids any statute of limitations problems and the necessity of filing and serving a new action.").

Therefore, it is **ORDERED** that the Clerk of this Court transfer this case to the United States District Court for the Central District of California, Western Division.

**SO ORDERED.**

DATED:   October 21, 2013              _____
                                       Barry Ted Moskowitz
                                       Chief United States District Judge